IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 7:17-cr-521-LSC |
| JOSEPH LAYMOND COLVIN, | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION AND ORDER**

**I.     Introduction**

Defendant, Joseph Colvin ("Colvin" or "the defendant") filed his motion to suppress (doc. 24) on October 5, 2018, and this Court heard testimony and argument at a hearing set on the motion on October 11, 2018. After considering all submissions, the motion is due to be denied.

**II.    Background**

On the 2nd day of March 2017, while on patrol at night in a "high crime" neighborhood, officers Jonathan Toxey and James Wallace observed a vehicle parked on the side of the road with its running lights illuminated. The officers

1

could see two individuals in the vehicle. The officers proceeded past the vehicle as they were on their way to another call.

Approximately fifteen minutes later, the officers returned to the area and noticed that the vehicle had not moved. The officers then noticed one of the passengers make what they described as a furtive movement when that individual reached up and placed something in a compartment located at the center of the vehicle's interior roof.

The officers parked and approached the vehicle on foot. When officer Toxey reached the driver's side he asked that the driver roll down his window so that they could talk. Officer Wallace assumed a position on the passenger side of the vehicle. While talking with the driver, Officer Toxey noticed a green leafy substance in the lap of the driver that appeared, based upon his experience, to be marijuana, and an open beer in the lap of Colvin, who was seated on the front passenger seat.

Officer Wallace did not notice the substance in the driver's lap but did see the beer in Colvin's lap. Colvin's possession of an open alcoholic beverage was a violation of a Tuscaloosa municipal ordinance, and so Colvin was directed by the officers to exit the vehicle. Since Colvin had a prosthetic leg, he asked the officer to assist him in putting on the leg and standing up. Officer Wallace assisted Colvin and then allowed him to sit on what Officer Wallace described as concrete steps

located beside the passenger side of the vehicle. Colvin, who was acting in an irate manner, then dove into the passenger side floorboard of the vehicle, apparently reaching for a firearm that was located beneath the passenger seat. Officer Wallace dove on top of Colvin to stop him from retrieving what the officer ultimately learned was a pistol.

As the officer was attempting to secure Colvin, Colvin made statements such as "it's loaded" and "it's about to go off." After he was secured, he told the officers, "If you were going to take me down, I was going to take you down with me." In addition to the green leafy substance in the driver's lap and the open beer in Colvin's lap, officers recovered a "marijuana like" substance (there was no testimony as to it actually being tested) in the compartment located at the center of the vehicle's interior roof.

Colvin was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 921(g)(1).

### III. Discussion

The seizure of the firearm from Colvin was lawful, and therefore, the evidence obtained during the encounter will not be suppressed.

The officers did not stop the vehicle occupied by Colvin. Instead, they simply walked up to the vehicle that was already parked and engaged in a

conversation with the driver. Upon arriving at the already-parked vehicle, it was open and obvious to the officers that its occupants were then violating the law. The driver had what appeared to be marijuana in his lap and the passenger, Colvin, had an open beer can in his lap. At that point, the officers were free to remove the occupants from the vehicle, including the defendant, and place them under arrest. In addition, the officers did not search for the firearm Colvin seeks to suppress. Colvin grabbed it from under his seat in what must be assumed to have been an effort to shoot the officers.

Nonetheless, Colvin seeks to suppress all of the evidence then seized under the Fourth Amendment's protection from unreasonable searches and seizures. *See* U.S. Const. amend. IV. It is without question that courts can order the suppression of evidence obtained in unreasonable searches and seizures. *United States v. Gilbert*, 942 F.2d 1537, 1541 (11th Cir. 1991). However, not all law enforcement encounters constitute "seizures" and merit scrutiny under the Fourth Amendment. *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir. 2011). An encounter only becomes a seizure when an officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio,* 392 U.S. 1, 19 n. 16 (1968). Police can stop and detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity

4

"may be afoot," even if the officer lacks probable cause. *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry*, 392 U.S. at 30).

There are three categories of law enforcement-citizen interactions: (1) consensual police-citizen exchanges; (2) temporary detentions; and (3) full-scale arrests. *United States v. Perez,* 443 F.3d 772, 777 (11th Cir. 2006). While Colvin was ultimately arrested following his attempt to shoot the officers, at the time that the officers observed the green leafy marijuana-like substance and the open beer can, the encounter was clearly a consensual police-citizen exchange. Further, at that point in time, the officers were standing outside of the defendant's parked vehicle in a public place where the officers had every right to be located.

Consensual and non-coercive encounters are not seizures and do not implicate any sort of scrutiny under the Fourth Amendment. *Jordan*, 635 F.3d at 1186. The mere fact that a law enforcement officer approaches an individual on the street or asks him to answer some questions does not create a seizure. *Florida v. Royer*, 460 U.S. 491, 497 (1983). A law enforcement encounter remains consensual if, considering all of the surrounding circumstances, "a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." *Florida v. Bostick*, 501 U.S. 429, 436 (1991).

A consensual encounter only becomes a seizure if there is either (a) an application of physical force, even if extremely slight, or (b) a show of authority to which the subject yields. *California v. Hodari D.*, 499 U.S. 621, 625 (1991). Relevant factors include:

> Whether a citizen's path is blocked or impeded; whether identification is retained; the suspect's age, education and intelligence; the length of the suspect's detention and questioning; the number of police officers present; the display of weapons; any physical touching of the suspect, and the language and tone of voice of the police.

*Perez*, 443 F.3d at 778.

When the officers approached the vehicle on foot to talk with the occupants they did not block their path, command them to remain parked, or draw their weapons. The officers simply asked the driver a series of questions and requested identification. It was during this process that the officers observed the open criminal activity and directed the occupants to exit the vehicle. As stated in *Royer*, the mere fact that an officer approaches an individual on the street and asks a series of questions does not turn a consensual encounter into a seizure. 460 U.S. at 497.

Colvin argues, through counsel, that the fact that they were seated in a vehicle as opposed to standing on a public street distinguishes their situation from those cited above. However, this Court does not see a meaningful distinction between an individual standing on a public street and one sitting in the front seat of

6

a vehicle parked on a public street. In each situation, such an individual is in public view and the officer is lawfully located where the officer engages the individual in that conversation. Apparently the Eleventh Circuit agrees with this Court. *See Miller v. Harget*, 458 F.3d 1251, 1257 (11th Cir. 2006) (acknowledging that the court has decided on several occasions that a police officer does not seize an individual merely by approaching a person in a parked car).

Regardless, the consensual encounter became a seizure when the occupants of the vehicle, including Colvin, were ordered to exit the vehicle. However, it is without question that prior to that law enforcement action, there existed enough specific, articulable facts to support a determination that the officers had a reasonable suspicion, if not probable cause, to believe that the defendant was involved in criminal activity, to wit: (1) the officers had observed the furtive movement of placing something in the compartment above the passengers when the patrol car passed the parked vehicle; (2) the vehicle was parked in a "high crime" neighborhood; (3) the driver was observed to have a green leafy marijuana-like substance in his lap; and (4) the defendant had an open beer can in his lap in violation of a municipal ordinance.

While presence in a "high crime area" cannot alone create a reasonable suspicion of criminal activity, this factor is among the relevant contextual

considerations in an analysis. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (citing *Adams v. Williams,* 407 U.S. 143, 144 (1972)). Regardless, once the officers observed what they believed to be actual ongoing criminal activity (unlawful possession of a controlled substance and possession of an open alcoholic beverage in violation of a municipal ordinance) they were authorized to direct the occupants of the vehicle to exit the vehicle.

The defendant's actions in diving back into the vehicle in an effort to grab the firearm and shoot the officers exposed the pistol without any search. The firearm he was then attempting to use is clearly not subject to being suppressed.

**IV. Conclusion**

The defendant's Motion to Suppress (doc. 24) is hereby **DENIED**.

**DONE** AND **ORDERED** ON OCTOBER 22, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704

8